UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DARRELL SEABURN MCCURDY,**

                **Plaintiff,**

-vs-                                                                        **Case No. 6:13-cv-1691-Orl-28GJK**

**ZACHARY CASSTEVENS,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT** (Doc. No. 2) |
| **FILED:** | October 28, 2013 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED as frivolous**. | |

**I.    BACKGROUND.**

On October 28, 2013, Darrell Seaburn McCurdy (the "Plaintiff"), a prisoner, initiated this action *pro se* by filing a complaint (the "Complaint") against Zachary Casstevens (the "Defendant"). Doc. No. 1. As Plaintiff acknowledges in the Complaint, this is the second lawsuit he has filed against the Defendant. Doc. No. 1 at 1. In *McCurry v. Obama et. al.*, Case

No. 6:13-cv-363-LED-KNM (E.D. Tex. 2013), Plaintiff brought suit against Defendant and others in the United States District Court in and for the Eastern District of Texas alleging that they were using "a parapsychological form of metempsychosis, the spiritual medium and telepathy in order to communicate with him" and to commit fraud. *See* Doc. Nos. 46-47 in 6:13-cv-363-LED-KNM (E.D. Tex. 2013). On November 4, 2013, the Honorable Leonard Davis, United States District Judge, dismissed the case without prejudice, finding that Plaintiff's claims were fanciful, fantastic, and delusional. Doc. No. 53 in Case No. 6:13-cv-363-LED-KNM.[1]

In this case, which was filed before Eastern District of Texas case was dismissed, Plaintiff brings an action against Defendant pursuant to 42 U.S.C. § 1983, alleging the following:

> [Defendant] is using collusive behaviors to subvert contracts of Seaburn LLP/Seaburn and Associates by fraud. And fabricating false evidence against plaintiff in sub-rosa ways with corrupts. Suppressing him from filing criminal charges and forcing civil actions while sabotaging process. Using parapsychological agents and faulty memory recall review by arestaisa [sic] together to falsify active memories to aid in their claims against Plaintiff.

Doc. No. 1 at 1. Thus, although Defendant is the only named defendant in this case, it appears that Plaintiff is raising the same claim against Defendant that was dismissed in the Eastern District of Texas. Plaintiff does not request any specific relief against Defendant, but requests that the Court order the United States' Congress to begin a criminal investigation, presumably against the Defendant, the return of unspecified property to Plaintiff. Doc. No. 1 at 1-2.

---

[1] District Judge Davis also dismissed Plaintiff's claims for lack of prosecution and failing to obey prior orders of the Court. *Id*.

**II.    THE LAW.**

    **A.    The Statute and Local Rules.**

The United States Congress has required that the district court review[2] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim.  *See* 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis.*  Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A)  the allegation of poverty is untrue; or
>     (B)  the action or appeal --
>         (i)  is frivolous or malicious;
>         (ii) fails to state a claim on which relief
>             may be granted; or
>         (iii)  seeks monetary relief against a
>             defendant who is immune from
>             such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[3]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.  *See* Local Rule 4.07.  Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  Local Rule 4.07 (a).  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to any involuntary dismissal or other final order that would be

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints.  Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[3] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in

3

appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### 1. Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).[4] The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 2. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a

---

good faith. 28 U.S.C. § 1915 (a)(3).

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

Section 1915 dismissal when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Frivolous factual allegations may also warrant dismissal under Section 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), (citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)). "Fantastic" or "delusional" allegations are examples of clearly baseless allegations. *Id*.

   **B.** **42 U.S.C. § 1983**.

Plaintiff's claims against Defendant arise under 42 U.S.C. § 1983. *See* Doc. No. 1. Section 1983 "provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 action, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Bannum, Inc*., 901 F.2d at 997. Thus, a plaintiff must show that the defendant acted under the color of law or otherwise show some type of state action that led to the violation of plaintiff's rights. *Id*. *See also Kennedy v. United States*, 478 Fed.Appx. 584, 586 (11th Cir. May 17, 2012) (unpublished) (affirming dismissal in part because plaintiff failed to show that defendants, who were private parties, engaged in any state action).[5]

**III.** **ANALYSIS**.

The Complaint fails to show that the Defendant, a private party, engaged in any state action or was otherwise acting under the color of law. Doc. No. 1 at 1-2. The complaint is due to be dismissed on that basis. *See Kennedy*, 478 Fed.Appx. at 586; *McBryde v. Publix*

---

[5] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Supermarket*, 2013 WL 4567039 at *3 (M.D. Ala. Aug 28, 2013) (dismissing under 28 U.S.C. § 1915 where Section 1983 claim failed to allege any facts permitting reasonable inference of state action).

Even assuming that Plaintiff would be able to adequately plead a Section 1983 claim against Defendant if given leave to amend, the factual allegations against Defendant are fantastic and delusional, and therefore frivolous. *See Denton*, 504 U.S. at 32 -33 (1992). Accordingly, it is **RECOMMENDED** that Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS the case as frivolous**; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 18, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge